18-1221 Tien v. Law Office of Watson & Drexel Univ. Philip Povic Good morning. If I may please the court, your honors, my name is Frederick Filippovitz and I represent the appellant, Mr. Philip Tien. In this action, we're here asking for a reversal and remand of a district court's decision granting summary judgment to the defendants, the Law Office of J Scott Watson & Drexel University. Primarily, the claims against Scott Watson are under Fair Debt Collection Practices Act, and this is a consumer protection case against Drexel University under supplemental jurisdiction under Unfair Trade Practices Consumer Protection Law, the state law in Pennsylvania. Just begin with a, and if I may reserve two minutes for rebuttal. That's fine. Sorry. Thank you. Is what, what is at issue? Anything more than the attorney's fees right now? Oh, no. The whole case is at issue. It's more than the attorney's fees. The at issue or the basic claims under FDCPA relevant to disappeal are, are threefold. They have to do with the improper service of process. They sued the appellant at the address where they had actual knowledge he is not his current address. All right. We know that. They procured a default judgment. And then after procuring a default judgment- The default judgment was opened. The default judgment was opened, but the appellant had to have two trials instead of one, had to expand more resources, and had a judgment under his name for a period of time that there shouldn't have been a judgment. Secondly, the debt collector sent a letter, post-judgment letter, post-default letter that we contend violates FDCPA- All of these are under FDCPA, correct? All of these are under FDCPA, correct. The letter, I'll get into it next, but the letter was sent. It contains numerous false and misleading information. It was sent three days after the trial, again, to the wrong address. That's just being one of the, one of the false information found in the letter. And thirdly, once that the, or the debt collector was, received a petition from Mr. Tian to vacate the default, and therein was his affidavit, a copy of his current lease, attesting that some of the information that the debt collector relied upon may have been inaccurate. At that point, the debt collector continued to try to cling on to this default. It could have been resolved with a stipulation, but no, they came to the default, which they knew and should have known was procured by means of obsolete information. The FDCPA holds them accountable for that. All right, so what did the district court get wrong? The district court got wrong here, Your Honors, is that they applied res judicata, or a collateral estoppel, and they took the position, and it marked in Judge Kelly's opinion, that ruling of the municipal court judge, where the only parties were Drexel University and the debtor, Mr. Tian, somehow precluded all of Tian's subsequent FDCPA claims. And then, of course, unreasonably refused to exercise supplement of jurisdiction where it was proper and amended for to exercise over Drexel. Just by way of brief recitation, Drexel, Philip Tian was a student up until 2014, and we're not denying it. It's true that during the time that he was a student, in his records, he had marked an address in New Jersey, which is the Bonetown, New Jersey, was the address. He was out of Drexel by 2014. The alleged bailants do collections ensued, first primarily through CollectionServe, which is a conserved agency that's an internal agency. But in any event, because Mr. Tian was concerned that he was being contacted at his place of employment, not a part of this case, but that's the reason why he called Drexel Collections on May 21st. He was supposed to have a meeting, right? He was supposed to have a meeting? Was supposed to have a meeting. The meeting never occurred due to these other obligations. Because he didn't show up at the meeting. Do you know why? The case did not get that far. I believe that the meeting was not set up particularly. It was left open. The record indicates that it was supposed to have happened. He was supposed to come by the campus, and it wasn't a date or time that he blew a meeting. And they did halt collections for that period of time, that there was supposed to be a meeting. Importantly, though, to this case, at that May 21st, 2005 phone call, he informed Drexel of his Philadelphia address. And the district court opinion even notes in the fact-finding section that Drexel University specialist noted the address down. And that was to be his most recent address. Now, when they started to collect through that collector, it's unknown whether or not who failed here to adhere to the most recent address. Whether the creditor didn't provide it to the attorneys, or the attorneys simply ignored it in the haste to get the default. Either way, the lawsuit, you know, once the debt collector brought the lawsuit, it provided this or municipal court with the wrong address. So the municipal court is now writing to Tien to the wrong address. Well, isn't the problem with the district court's analysis on this aspect that it said, it held that it wasn't intentional. But that may not have resolved it totally under the Fair Debt Collection Practices Act. But also, it wasn't essential to the judgment below because the court opened the default. So, I mean, isn't that the real problem with that conclusion? That is one of the real big problems, Your Honors, as you correctly point out. There's many real... But how about the fees? Judge Sirica mentioned fees, and you haven't mentioned the fees yet, but didn't the district court... I mean, didn't the court, the state court, find that the fees were reasonable so that that would bar any re-litigation of the fees? And that is correct. And we did... The fees were found by the municipal court judge to be... But you're not... We're not. No, we're not. Yeah, that's not a part of our three claims. We're not trying to revive... So what do you want to keep pursuing? You want to keep pursuing all of these claims in the district court? Correct. We want to pursue... We were not allowed any depositions, any... There was some discovery that was exchanged, so we know that there was a admission by Drexel that they had his correct address. And certainly, but there's... The district court addressed the... You gave us three claims under the Fair Debt Collection Practices Act. The district court addressed all of these, or I know they boiled them down in essence, but did it ignore a couple of these? Yes. The district court completely ignored the letter. Maybe there was a mention... There was two letters attached to the complaint, and there was also a denial of a motion to amend. The court ruled that it was a dilatory motive. In fact, the opposite is true. In our amended complaint, we would have taken out the claim for fees, recognizing the Rucker-Feldman for attorney's fees, and we would have also curtailed the second letter that was a part of the first complaint. So we would have curtailed the litigation in the amended complaint. So you want to proceed... You want to be able to proceed on the debt collection letter and on the fact that the improper service of process was a violation of DCPA. And then as to the third claim, you say they continue to cling to the default. What does that have... Oh, okay. Well... Did the district court address that? No. No. The district court did not address that. So we contended that the improper service of process, when they had actual knowledge or should have known, is a violation of 6092E10 per se. It's a use of deceptive, misleading information. Now, we want to pursue that. We want to pursue the letter that the district court did not address. There's two letters, but the letter that we're concerned with for this appeal is the letter sent on March 31st. Here's the issues with that letter, Your Honor. That letter is right after the default is taken. So the debtor now has been adjudicated. The claim has been reduced to a judgment. The letter is supposed to... It says the name of the parties and includes Drexel University tuition versus Phillip Tian. Now, Drexel University tuition is not who holds the judgment against Phillip Tian. I mean, isn't that the kind of technical violation that we just don't count and it's under the Fair Debt Collection Practice Act? Did that really mislead anybody? Your Honor, that is material because in order for him to get relief from the judgment, he has to find the case in the docket system. And if he types in the information from the letter, the result is zero. So zero records found. But he has to know that the inclusion of the isn't really the name of a party. Well, he may not have known, but whether the least sophisticated consumer would have known is what we're concerned here. And we believe that there's issues there that the district court failed to address. And that's not the only one. Right underneath there is the docket number. It says docket number, and then it provides only the number. Now, under Brown, least sophisticated consumer test, the statement is misleading, even if true, which this was a true docket number. However, if it could be reasonably interpreted in more than one way. And in municipal court, they need to have a prefix, a two-letter prefix that comes with the docket number, else it's meaningless. And that could be SC, which is the case here, but it could also be LT, DT. I mean, even the more savvy consumer, and let alone least sophisticated consumer, would have a hard time knowing. It could apply to any of those letters. And the end result, again, is zero records found. So the least sophisticated consumer using the information in a Dunning letter is coming out with zero records found. And what did the district court say about that? Did he address it and say it's frivolous? Did not address it. Did not address it. Now, as for the debt collector's conduct after obtaining a default and then continuing to rely on all the information in actually appearing in court and fighting a petition to vacate, there is a case precedent in the sister circuit that holds this exact conduct to be a violation. It's from District Court of Utah. And the case was cited in the brief. But essentially, the court ruled there that on FDCPA, even if the creditor or the debt collector initially claims reliance on information from the creditor, then once, however, they receive notice, clear notice, that some of the information that they were relying on may have been inaccurate, they can't continue to blindly rely on their initial information in trying to collect the debt. And so that's exactly what they did here. And it's even worse than in the case in Utah, because in Utah, the correct information didn't come about until the late notice from the debtor. In this case, they had the correct address all along. And then they come, they are served with the petition that now has this affidavit, a copy of his lease, and they continue to rely on that, causing him extra burden of expense, attorney's fees, the undue aggravation. It could have been resolved differently with a stipulation, for example. So he had two trials instead of one. I'll be back. Thank you. Good morning, your honors. May it please the court, Richard Purr, Fineman, Craxton, and Harris, on behalf of the appellees J. Scott Watson and Drexel University, we respectfully request that the decision of the district court be affirmed. Doesn't the district court ignore certain of the claims here in its attempt to boil it down to its essence? No, I don't think that the district court ignored any of the claims here. The district court addressed the allegations as they were written in the motion for summary judgment and the opposition thereto with respect to all of the issues, noting even in fact as to the letter in the footnote at the end regarding the fact that there was nothing deceptive or misleading in the letter. The court expressly states that, directly addresses, for example, the fact that they said the amount was incorrect. Court says that's not true. And so the court addresses that issue with respect to the other claims. I'm lost as to how collateral assault applies here. In terms of what are the elements of collateral? What do you have to prove to show that you should be collaterally stopped in a litigation based on what was done in a first litigation? Well, you're talking about issue preclusion, your honor. First aspect. I mean, we have two different things. We have Rooker-Feldman and we have issue preclusion. Let's do issue preclusion. So the issue preclusion is whether a fact essential to a judgment is actually litigated and determined by a valid judgment. Determination is conclusive between the parties in a subsequent action on a different cause of How is that? Because when you boil down exactly what occurred here, you have separate elements of how do you get to the judgment, right? At the end of the day, the judgment that's decided by the municipal court. So you have to get a party into court. It's required. There needs to be service. They need to be properly in court. They appear, the hearing goes on, a judgment is rendered. In this particular case, and it's important to know What we're talking about is vacating the default judgment, right? The first judgment. There is a vacating of the default judgment, but if we look at the hearing and the transcript of that hearing, what occurs in the judge vacating the default judgment is the judge vacates the caution. At no point in time is there a finding that this is the wrong address or that that was improper service at that address. And that was the focus of that inquiry. The fight that counsel argues that there had to be two hearings, for example. There didn't have to be two hearings. If you look at the transcript of the hearing, the trial judge expected that trial to take place right then and there. It was plaintiff's counsel who said, I'm not ready to proceed. Plaintiff, meaning the plaintiff in this case, not plaintiff below. And the court was flabbergasted saying, everybody knows it's part of our process and procedure here that when you move to vacate the default judgment, you be prepared to proceed at that point in time. Just yes or no, was the May 11 ruling that vacated the default judgment really a final judgment for the merits on the collateral for collateral estoppel purposes? It was a, it was a file. It was, it was a part of the process that concluded with the judgment. The court at no time said that the plaintiff wasn't properly before the court under the original service of process. Was the answer no? Was the May 11 ruling that vacated the default judgment a final judgment on the merits for collateral estoppel purposes? Yes or no? And then you can explain. For issue preclusion, yes. Because? Because the court had to decide the issue of whether the plaintiff was properly before the court in service of process. If you don't have proper service of process, you don't have somebody before the court. Your personal jurisdiction. If they hadn't properly been there, they couldn't have done anything. Correct. At that point, Drexel would have had to reserve the complaint and they would have had to start over. And that's not what the court said, and that's not what was decided. The argument focused on whether the conduct by Drexel and J. Scott Watson in the address service was intentional, misleading. What would be the cornerstone? Finding essential to the judgment means a finding that had to be made from a procedural standpoint without which the judgment could have been entered. Doesn't essential really mean part and parcel of the relief that's entered? But you can't have the judgment if you're not properly before the court. Relief was granted. I'm sorry, Your Honor? The judgment was vacated. No, the default judgment was vacated. But the case continued to an actual trial on the merits and a judgment entered. There was no interruption. Yeah, but the finding, I mean, I think you're using the word essential, something different from the way it's talked about in the collateral collateral estoppel jurisprudence. It has to be essential because you're stopped vis-a-vis that fact because it was essential to the judgment as compared to, well, it had to have happened before you enter judgment such as service of process. Well, that would be towards the Rooker-Feldman in completing it. For issue preclusion, the issue itself had to be part and parcel of the decision making process by that court. The part and parcel process of that, understand, under the Fair Debt Collection Practices Act, you would have to have deceptive, misleading conduct. The court determined at that point in time in a finding, while not finding specifically as to the Fair Debt Collection Practices Act, made underlying factual findings that there was no deceptive or misleading conduct. No, I didn't say it wasn't intentional. It wasn't intentional. There was no finding, was there, as to deception or misleading? Well, then there would have been no service, there wouldn't have been service of process. The service of process would have been stricken. Well, where did the district judge say that you have a requirement in order to get preclusive effect, there must be a decision that is essential to the prior judgment? In other words, he lays out the requirements for issue preclusion, and where does he say that you have a requirement in order to receive preclusive effect, an issue must have been essential to the prior judgment? I couldn't find it. He doesn't. He says there are three requirements, actually litigated, submitted, and actually determined. So isn't there one missing? No, there's no, none of the, I mean, it says the issues in the two actions are sufficiently similar. It's sufficiently material to justify invoking the doctrine, and that would be related to the conduct and activity of the service of process, whether there was intent. The issue must have been essential to the prior judgment. The issue was actually litigated in the first action, which it was. And lastly, a final judgment in the specific issue in question was issued in the first action, which, again, the court did. It issued its determination that, in fact, the conduct was not improper. And proceeded to hold a hearing on the service of process. Now, if there had been an issue related to the validity of the service of process as to the determination by the municipal court judge, that needed to be taken up on appeal to the court of common pleas under that process. And by plaintiff not perfecting the appeal properly, is foreclosed from now ultimately was proper, and that the plaintiff was properly within the jurisdiction for personal service of the court to hold that hearing. That was a, there was a continuous line. The only thing that gets vacated is the entry of the judgment. And the history of the case, and as you look through the hearing of that, you see that the plaintiff received numerous letters, all of which were not certified and regular mail. It came back unclaimed. But all of the regular mail proceeded. As to all these issues, you know, the March 31st letter is mailed on March 31st, 2017, that talks about the entry of the default judgment. And we heard testimony about confusion or anything like that. So the letter gets mailed. It gets put into the mail on the 31st. And that letter was sent to where? It was sent to the original address that they had from Drexel, the Boonton address. But he moved from that, right? He claims he moved from that. I understand that's the debate that takes place at this court. Not less than seven days later. He shows up. A motion on the docket to vacate the default judgment appears. So it takes two or three days for that piece of correspondence to actually five days. His counsel files on this docket that's so confusing that you can't find. Five days later, a fully briefed motion to vacate the default judgment appears. So the facts of the case don't correspond to the arguments that are being made by counsel. The facts are on your side, but we're talking about did the district court leave out a requirement in order to apply collateral estoppel? No, the district court did not leave out because all of these elements are set forth in this process. But I ask you, where did the district court say that there was a finding made in the earlier action that was essential to the judgment? It says the allegation of improper service, this is on page 1418A of the record, is identical in both the municipal court and the federal lawsuit.  That's a conclusion. The service issue was clearly litigated in the first action, and the municipal court made a specific finding. Where does it say that that is essential to the judgment? We're just talking simple procedure. This is first year law school.  Thank you, Your Honor. What it says is it said, it doesn't use the word essential, but the remaining language surrounding this entire description and the paragraph all support the concept. So the words themselves may not have been used after citing. It had to be essential to the judgment. Otherwise, we're not going to apply collateral estoppel. What is essential? It's essential to the judgment because the judgment of, it's essential in two respects. It's essential to the determination of whether or not someone did something improper. That's number one at a very discreet level. And at a more global level. The judgment was that the default should be opened. Right? That's what the court decided. The judgment will be open. The default judgment will be open. And central to that could have been any one of a number of things that the court found that were essential to that. But its determination regarding the intentionality or not of the service is not essential to the fact that, aha, as a result of that, we need to open the judgment. For the plaintiff to be in court. I know. Under personal service. But you're making everything that had all the bells and whistles that have to happen in a trial or in a proceeding, you're saying they're essential. You're using a but-for causation. I'm using a true proximate causation. The question is, was service of process improper? Plaintiff argues there was improper service of process. By finding that the case proceeded on the merits without forcing the plaintiff to reserve. Well, you could say that because the defendant is of age and, therefore, could be sued in court, that's essential to the judgment. Because but for that, then he couldn't have been sued in court. That's what you're saying. But essential to the judgment means it has to be part and parcel of the relief. It has to be a necessary ingredient in the relief that's being granted. The service of process would have had to have been certain. You say service of process was so improper to the point where there was intentional misconduct. Didn't say that. The court specifically said the other. It is, in essence, I don't find any intentional misconduct, but what the heck, I'm just going to vacate this, guys start all over. Absolutely. You know, as. The court is the right thing, by the way. As the court is aware, I mean, you know, this circuit has clearly said in decisions on granting default judgments and other things that the preference is to holding hearings on the merits rather than doing it in those fashions. That doesn't make the actual service precedent to the default judgment defective. It's really hard to say that you get issue preclusion effect on this type of decision by a court. It's just wipe the slate clean and start all over to say that you get issue preclusion effect based on that. Especially when the court said that I don't see any intentional misconduct. Well, that but that issue was, again, litigated in the court and to to attack the service of process after a full hearing and a judgment by a municipal court judge would require that service of process. The question as to the validity of the service of process to have been taken up in an appellate proceeding through the Philadelphia state court system, not by appealing the decision of the municipal court judge that in essence process was proper. The plaintiff was properly had personal service and was properly in front of the court based on that service of process. Any infirmity or defectiveness with regard to that would have had to be taken up by that. It is not to go up through the federal court system to challenge that, you know, into it into a degree. That's where the Rooker Feldman doctrine would would pop in, which is why we argued at the summary judgment level, both Rooker Feldman and issue precluding as to all claims. So those elements are all there. That's the plaintiff's remedy. The plaintiff didn't didn't perfect its remedy. You can't then go to federal court and seek to undo what was done when clearly the judgment itself is valid and is properly in that court. Thank you very much. Thank you. Anything you want to add? I would. Surely. Thank you. I'd like to point out that even the district court judge wrote in the opinion, and that's the portion we agree with, that the municipal court judge made no findings of fact or law based on FDCPA. So that's the essential issue here. Is the issue that was litigated with respect to service in the municipal court really the same issue that the FDCPA comprises and that the federal court has to deal with? And I'll submit to you that it's not, that the municipal court judge could have found the case right to proceed. As you correctly point out, the judgment was vacated by default. So there was some impropriety there. But what degree of impropriety? That's not for the municipal court judge to decide because she did not have the FDCPA before her. There weren't any counterclaims. Pennsylvania is not a compulsory jurisdiction for counterclaims. They're preserved. So there's apples and oranges here in that the issue of impropriety wasn't deceptive under FDCPA and using the least sophisticated consumer standard. It could be, and we complain that it is, that the FDCPA prohibits or monitors debt collectors from deceptive conduct that harms consumers. The state rules for judgment, even the second, very second sentence in the FDCPA is that the current laws are inadequate. And I will just finish with this. There is a restatement second of judgment, number 28, that says that even if the issue actually litigated is determined by a judgment and the determination is essential. It's an exception. It says that real litigation between the parties is not precluded if the issue is one of law, which this is, and two actions involve claims that are substantially unrelated. So that's the restatement second of judgments that would even exclude it even if the court were to find a preclusion because FDCPA is miles and far removed from a mere collection action where he was a defendant. Thank you. Thank you very much. Thank you to both counsel for being with us, and we'll take the matter under advisement and recess until 2 o'clock.